UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:15-CR-72 |
| | ) | |
| MARK ANTHONY TONEY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before me on Mark Toney's pro se motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic [DE 2904] and request for appointment of counsel [DE 2905]. Toney is a 41 year old male who is currently incarcerated at Gilmer FCI in Greenville, West Virginia, with an anticipated release date of September 29, 2022. In his motion, Toney claims medical issues such as sleep apnea, retinal damage, obesity, and congestive heart failure. The government has provided Toney's medical records, which indicate that he was offered the Pfizer vaccine in prison on February 26, 2021, and he refused it. [DE 2913 at 14.] In his reply, Toney states that he "was informed that, due to his medical conditions, there is no understanding if he would suffer extreme consequences because of his conditions" if he received the vaccine. [DE 2919 at 2.] Toney also claims that his parents are in poor health and he needs to be released to care for them.

Toney was involved in a large-scale RICO and drug conspiracy where he was the

leader of a violent faction of the Hammond Latin Kings gang. I sentenced him pursuant to a plea agreement on August 17, 2020, to 87 months imprisonment to be followed by 2 years of supervised release. [DE 2732.] He has exhausted his administrative remedies. [DE 2904 at 5.]

The First Step Act provides that the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In other words, the compassionate release statute directs me to make three considerations: (1) whether a reduction is consistent with the factors listed in section 3553(a); (2) whether extraordinary and compelling reasons warrant a sentence reduction; and (3) whether a reduction would be consistent with the Sentencing Commission's policy statements. All three considerations weigh against release in this case.

The section 3553(a) factors, which are well-known by this point, include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed. 18 U.S.C. § 3553(a). Toney's crime was extensive and serious - he was involved in a violent gang that wreaked havoc on the local community.

Toney still has a substantive portion left in his sentence and I believe he may still pose a danger to the community.

There also are not "extraordinary and compelling reasons [that] warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). I have reviewed his medical records and concede that Toney faces some health issues. However, these medical risk factors are usurpred, in my opinion, by the fact that Toney has refused the vaccine. *See, e.g., United States v. Jackson*, No. 15-cr-2607 PAM/TNL, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021) ("[defendant's] decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines. While he is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021); *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("In declining vaccination (twice), [defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."). I understand that Toney fears possible side effects or medical consequences from the vaccine [DE 2919 at 3], and it is of course his decision to make, but I agree with the overwhelming majority of cases that refusal to be vaccinated weighs heavily against compassionate release.

Finally, Toney claims his parents are in poor health and he needs to be released

to take care of them. [DE 2904 at 7.] While I am certainly sympathetic, I knew about the declining health of his parents at the time of his sentencing, and considered that factor at that time. [PSR, DE 2444, ¶ 96.] The PSR indicates that there are other family members in the area that could potentially provide care. [PSR ¶¶ 92, 97, 98, 103.] Toney disputes this in his reply, arguing these individuals are fully employed and cannot take full-time care of his parents. [DE 2919 at 2.] Again, I am extremely sympathetic to this struggle, but these hurdles of taking care of the elderly are faced by countless other families in this nation, and it does not justify Toney's release.

## Conclusion

For the aforementioned reasons, Mark Toney's motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic [DE 2904] and request for appointment of counsel [DE 2905] are DENIED. Toney has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A), and the briefing on this issue was sufficient - counsel is not needed to assist Toney or the court in reaching an appropriate decision.

ENTERED: May 18, 2021.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4